AUGUSTA W. BATES, PLAINTIFF, *v.* THE FIRST NATIONAL BANK OF BROCKPORT, DEFENDANT.

*Evidence — oral agreement made by one when depositing money to the credit of another — when evidence of it is inadmissible.*

The plaintiff having received from the administrator of her father's estate two checks for $500 each, payable to her order, delivered the same, indorsed in blank, to her husband with directions to deposit the same to her credit with the defendant, The First National Bank of Brockport.

The husband deposited the checks in the bank to the plaintiff's credit and received a pass-book from the defendant, in which the amounts were credited to her. In an action by the plaintiff to recover the amounts so deposited, the defendant offered to prove that at the time the deposits were made it was orally agreed between the husband and the teller of the bank that they should be credited to the plaintiff upon the condition that the same should be withdrawn upon checks made by the plaintiff, or by the husband in her name, and that the amounts so deposited had been subsequently withdrawn by checks made by the husband in the name of the wife.

*Held,* that in the absence of evidence tending to show an authority in the husband to act as the agent of his wife, or any ratification by her of his acts, the evidence was inadmissible and was properly excluded.

MOTION for a new trial on exceptions ordered to be heard in the first instance at General Term, after a verdict in favor of the plaintiff directed by the court.

*J. D. Decker*, for the plaintiff.

*W. F. Cogswell*, for the defendant.

TALCOTT, P. J.:

This is a motion for a new trial on exceptions taken at the Monroe Circuit, and reserved to be heard at the General Term in the first instance.

The plaintiff received from the administrator of her father's estate by checks signed by him as administrator, on the 2d of May, 1874, and on the fourteenth of the same month, two separate sums of $500 each. The administrator's checks being payable to the order of the plaintiff, she indorsed them in blank and delivered them to her husband, Gustavus Bates, with whom she was then living in marital relations. The said $1,000 belonged wholly to the plaintiff, and was her separate estate. She indorsed and delivered the respective checks to her husband, with directions to take the checks to the defendant's bank and deposit the amount in her name, and bring her back a pass-book.

On the occasion of the first deposit he took the original administrator's check to the banking office of the defendant, which made out a pass-book of the defendant, indorsed on the outside with the words: "First National Bank of Brockport, N. Y., in account with A. W. Bates," and with the following entry therein:

FIRST NATIONAL BANK OF BROCKPORT,

*In account with* AUGUSTA W. BATES, *Cr.*

*Dr.*

May 2d, 1874 ................................................ $500

There was no other writing or printing in the pass-book. This book was brought back from the bank to Mrs. Bates, and delivered to her by her husband. At the time when she delivered the second check to her husband she also indorsed it in blank and gave it to her husband with her bank-book, and with directions to deposit it in her name and for her. Her husband took the pass-book and

brought it back to her on the same day, the bank having entered therein another credit to her like the first, as follows: "May 14th, 500." The husband delivered the pass-book to the plaintiff, since which time down to the time of the trial on which it was produced in evidence, no other writing or memorandum appearing therein, except the entries aforesaid with the two credits of $500 each to the plaintiff.

On the trial the defendant sought to prove by its teller that on the 2d of May, 1874, Gustavus Bates, the husband, came to the banking office of the defendant, and with the first of the above-mentioned administrator's checks and deposited the same with the oral agreement made between the husband and the teller, acting for the bank, that the money specified in the check should be deposited to the credit of the plaintiff, with the condition that the same should be withdrawn upon checks made by the plaintiff, or upon checks made by the said Gustavus Bates, in her name, and that the same was subsequently withdrawn by a check made by the said Gustavus in the name of the plaintiff.

Upon the objection of the plaintiff's counsel, the court ruled that the evidence was competent and material, provided the counsel for the defendant expected to follow it with any evidence of the agency of Mr. Bates to sign checks in the name of his wife, or of the wife's permission to the husband to withdraw the money in his own name or in her name; or if the counsel for the defendant expected to follow it with any evidence of ratification by the plaintiff of the act of withdrawal of the moneys.

The defendant's counsel thereupon stated that he offered the evidence irrespective of the fact of such agency, or any subsequent ratification, and upon the sole ground of the husband's contract with the teller, made at the time and constituting a part of the contract. And thereupon the court sustained the objection to the testimony, to which the defendant's counsel excepted.

The defendant then offered to prove that at the time of the second deposit, on the fourteenth of May, Gustavus Bates came to the bank with $500 in currency, which was deposited with the like oral agreement, and that the same was withdrawn by Gustavus Bates upon a check made by him in the name of the plaintiff, and upon the same statement made by the counsel as to the agency and

ratification. The evidence was, upon the objection of the plaintiff's counsel, rejected.

The defendant, offering no further evidence, the jury under the direction of the court rendered a verdict for the amount of the two deposits with interest from the time of the demand, and ordered the exceptions to be heard at the General Term in the first instance. We think the rejection of the evidence offered was entirely correct, and the exception to its rejection, under the limitations specified by the court, was not well taken. The pass-book was evidence that the money had been deposited by or on account of the plaintiff, and the delivery thereof to the agent of the plaintiff for the purpose of making the deposit, to be delivered to her without any intimation that the money was to be drawn in any other than the usual manner, to wit, upon the check of the party to whose credit the deposit was made, operated as an estoppel upon the bank against setting up any unusual conditions, not made known to the party to whose credit the money purported to have been deposited by an entry in the pass-book or otherwise.

When a person deposits money to the credit of another, *prima facie* he is acting for the benefit of the person to whose credit the money is deposited and as his agent, and for a bank to claim that there was an agreement, secret so far as the person to whose credit the money was deposited is concerned, whereby it could be withdrawn in some unusual manner, not communicated or known to the creditor, would open the door to much fraud and deception.

The plaintiff seeing the money credited by the bank to herself individually, and without any intimation that it could be withdrawn otherwise than by her personal check or consent, could rightfully rely on the engagement of the bank, represented by the pass-book as unconditional. If Mrs. Bates had in any manner been notified that her agent to make the deposit had bargained for a right to draw out her money without her knowledge or consent, she could have prevented it by a notice to the bank or otherwise; but having no intimation to that effect, she was lulled into security by the entries in the pass-book and prevented from taking any measures to counteract any attempt on the part of her husband to make a fraudulent or unjustifiable use of her money in which he had no right or interest.

A new trial is denied and judgment ordered for the plaintiff on the verdict.

HARDIN, J., concurred; RUMSEY, J., dissented.

Ordered accordingly.